KELLY, Circuit Judge,
dissenting.
Defendant-Appellee Philbert Rentz fired a single bullet that passed through Verveen Dawes, causing him serious bodily injury, and then struck and killed Tedrick Francis. Not surprisingly, Mr. Rentz was indicted for second-degree murder while within Indian country, 18 U.S.C. § 1111; use of a firearm in furtherance of the murder, 18 U.S.C. § 924(c); assault causing serious bodily injury while in Indian country, 18 U.S.C. § 113(a)(6); and use of a firearm in furtherance of assault, 18 U.S.C. § 924(c). Mr. Rentz was also indicted for possession of a firearm by a felon, 18 U.S.C. § 922(g).
*1131 This court holds that the government overcharged Mr. Rentz because there was only a single use, carry, or possession of a firearm under § 924(c). The court’s holding is based upon its view of the proper unit of prosecution of a § 924(c) offense, here the use of a firearm, and the rule of lenity, which applies when a statute is grievously ambiguous or uncertain.[1] According to this court, the second § 924(c) count in the indictment would have required Mr. Rentz to have used, carried, or possessed a firearm a second time. I respectfully dissent. I would reverse the district court’s dismissal of the second § 924(c) count.
The proper unit of prosecution should be the combination of the conduct identified in § 924(c). The statute proscribes and provides additional punishment for “any person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm.” 18 U.S.C. § 924(c)(1)(A). No one disputes that Mr. Rentz possessed, used, and carried a firearm vis-a-vis the two crimes of violence which involved distinct victims. Allowing prosecution for each § 924(c) offense comports not only with this court’s precedent, but also with-the Supreme Court’s recent guidance on the type of conduct proscribed by § 924(c). In the Court’s view, § 924(c) is a “combination crime,” where neither the underlying offense nor use of a gun is sufficient. In rejecting the defendant’s argument that use of the firearm defines the offense, the Court stated:
[W]e reject Rosemond’s premise that § 924(c) is somehow more about using guns than selling narcotics. It is true enough, as Rosemond says in support of that theory, that § 924(c) “establishes a separate, freestanding offense that is ‘distinct from the underlying [drug trafficking crime].’ ”____ But it is just as true that § 924(c) establishes a freestanding offense distinct from any that might apply just to using a gun-say, for discharging a firearm in a public park. That is because § 924(c) is, to coin a term, a combination crime. It punishes the temporal and relational conjunction of two separate acts, on the ground that together they pose an extreme risk of harm. See Muscarello v. United States, 524 U.S. 125, 132, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998) (noting that § 924(c)’s “basic purpose” was “to combat the dangerous combination of drugs and guns”). And so, an act relating to drugs, just as much as an act relating to guns, facilitates a § 924(c) violation.
Rosemond v. United States, — U.S.-, 134 S.Ct. 1240, 1247-48, 188 L.Ed.2d 248 (2014) (emphasis added). The dangerous combination crimes involved here are (1) second-degree murder (crime of violence) facilitated by a gun and (2) assault causing serious bodily injury (crime of violence) also facilitated by a gun. The statute’s plain terms permit the prosecution of both offenses.
This court and Judge Matheson’s concurring opinion conclude that Rosemond sheds no light on the issue before us because: (1) Rosemond does not address the nature of the combination, whether an independent use and an independent crime of violence is required given multiple counts, and (2) Rosemond is an elements case, and addressed only whether the defendant had furthered an element. But I think it is significant that the Court characterized the offense as a combination *1132 crime; after all nearly every offense has multiple elements, and the Court required that, in addition to facilitating at least one of the elements, an aider-and-abettor have a state of mind that covers the entire offense. In other words, “intent must reach beyond a simple drug sale, to an armed one.” 134 S.Ct. at 1248. To me, this suggests that the unit of prosecution is based upon pairing the crime of violence with the use of the firearm; not looking at two § 924(c) charges with distinct harms and deciding whether they may share an element, here, use of a firearm.
The court’s opinion is largely based upon the conjecture that the government will overcharge based upon crimes of violence involving a firearm. But the government’s charges in this case seem entirely logical and reasonable. Here we have two victims of grievous bodily injury resulting from the use of firearm. This simply isn’t the case where the defendant’s conduct with regard to a single victim results in multiple predicate offenses, and therefore multiple § 924(c) charges.[2] Each victim 'in this case was not only a victim of the individual crime of violence committed against him, but is also the victim of Mr. Rentz’s § 924(c) violations. If Congress favored a different result, it certainly could have said so.
Given the court’s outcome, I would not foreclose the government from proving a single § 924(c) violation on different theories, i.e. single use of a firearm to commit either second-degree murder or assault resulting in serious bodily injury. Given the real world of trial and uncertain proof, the government may not be able to prove (or the defendant may successfully counter) one or both of the government’s § 924(c) theories.

. It is worth noting that at least two circuits have upheld multiple § 924(c) convictions resulting from the single use of a firearm given distinct crimes of violence. United States v. Sandstrom, 594 F.3d 634, 659 (8th Cir.2010); United States v. Barrett, 496 F.3d 1079, 1095-96 (10th Cir.2007).

. Thus, I am not persuaded that the seemingly contrary cases apply. See United States v. Cureton, 739 F.3d 1032, 1035, 1040 (7th Cir.2014) (use of a firearm in interstate communication of a ransom request and attempted extortion; "both convictions are based on the exact same conduct — Cureton pointing a gun at his roommate and demanding she make calls to obtain money”); United States v. Phipps, 319 F.3d 177, 184-85 (5th Cir.2003) (use of a firearm in kidnapping and carjacking; single victim); United States v. Finley, 245 F.3d 199, 203, 207 (2d Cir.2001) (possession of firearm during distribution and possession with intent to distribute cocaine); United States v. Wilson, 160 F.3d 732, 748-50 (D.C.Cir.1998) (use of a firearm to commit first degree murder and killing a witness to prevent him from testifying).